[No. 1591.  Decided December 10, 1894.]

## THE STATE OF WASHINGTON, *Respondent, v.* THOMAS BLANCK, *Appellant.*

APPEAL IN CRIMINAL CASES—RIGHT OF ACCUSED AFTER PLEA OF GUILTY.

While defendant's plea of guilty in a criminal prosecution is a waiver of a trial upon the merits it does not operate as a waiver of any right of appeal given him under the statutes.

*Appeal from Superior Court, King County.*

*Daniel T. Cross,* for appellant.

*James A. Haight* and *John F. Miller,* for the State.

ON MOTION TO DISMISS APPEAL.

*Per curiam.*—Appellant was charged in the superior court of the state of Washington, for King county, with the crime of murder in the first degree.  He entered a plea of guilty upon his arraignment.  In accordance with the provisions of the law, a jury was thereafter empaneled for the purpose of ascertaining the degree of murder of which defendant was guilty and to assess the punishment therefor, and the jury, after hearing the evidence and being charged by the court as to the law, rendered a verdict that appellant was guilty of murder in the first degree and that he suffer death.  No motion for a new trial was ever made in said cause, or served upon the respondent's counsel, or filed in said cause, and no motion in arrest of judgment was ever made in said cause, or served upon respondent's counsel, or filed in said cause.  Thereafter, on the 20th day of October, 1894, the court pronounced, rendered and entered judgment upon and against the said Thomas Blanck, the defendant and appellant here, in accordance with said verdict.  It appears that no proposed bill of exceptions or proposed statement of facts has ever been filed in the office of the clerk of said court, or served upon

respondent's counsel within thirty days from and after said 20th day of October, 1894, nor up to this date; nor has any proposed bill of exceptions or proposed statement of facts of any kind been filed in said cause, or served upon respondent's counsel. The petition alleges that the time in which said appellant may file his proposed statement of facts or proposed bill of exceptions has not been enlarged by stipulation of the respective counsel who appeared in the trial of said cause; nor has said time been enlarged by the order of the court or judge before whom said cause was tried; nor has there been a motion made to the court to enlarge said time, or request by counsel for appellant of respondent. Hence the motion for the dismissal of this appeal.

The state, through its attorney, urges in support of this motion the doctrine of waiver; and while it is true that the appellant by his plea of guilty probably waived the right to a trial on the merits, yet, inasmuch as the law provides that the jury must find the grade of the crime on evidence submitted to it for that purpose, he has not waived any rights to appeal from any error which may have been committed in the proceedings which were instituted by reason of this provision of the law, either in relation to the introduction of testimony, or the instructions of the court, or anything of that character. And while it is true that the thirty days for filing the statement of facts have expired, yet under the provision of the law which allows the court the power, by stipulation of the parties or for good cause shown, to enlarge the time of the settlement of the statement of facts either before or after the expiration of the thirty days, and the time which the law allows for such action of the court in enlarging such time not yet having expired, it seems to us that this motion is premature; for no action of the appellant in waiving the right of trial on the merits, as shown by his plea of guilty, in any manner waives his right to appeal from any subsequent errors which we have before alluded to. The fact that he gave notice of appeal affirmatively disclaims the idea of a waiver, so far as his right of

appeal existed, and the time allowed by the law to the court for enlarging the time to settle the statement of facts not having expired, we cannot conclude that the appellant did not intend to avail himself of the privilege of the law in that respect, and should not therefore deprive him of the right which he may hereafter desire to avail himself of.

We do not know that the case would be different were this a civil action ; but certainly where it involves the life of a human being, the court could not afford to too strictly construe the statute in aid of the destruction of appellant's right of appeal.

The motion will therefore be denied.